# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**INFINITE ENERGY, INC.,**

    **Plaintiff,**

**vs.**                                                **CASE NO. 1:07CV23-SPM/AK**

**THAI HENG "HANK" CHANG,**

    **Defendant.**

_____/

## O R D E R

Presently before the Court in the above entitled action is Defendant's Motion to Compel (doc. 158) and Plaintiff's response thereto. (Doc. 167). Having considered said motion, the Court is of the opinion that it should be **DENIED.**

Since the filing of Defendant's motion on May 9, 2008, Plaintiff has supplemented its responses to Defendant's discovery (also done on May 9, 2008) and contends that the only remaining items at issue are Request Nos. 4, 5, 7-10, 13-19, and 22-27. Since Defendant has not replied or otherwise refuted this contention, the Court will address only these requests.

Request No. 4: All documents related to every former customer of Infinite Energy who discontinued its business relationship with Infinite Energy because of any action, directly or indirectly related to Chang, or Chang acting on Catalyst behalf, prior to July 1, 2007.

MOOT.  Plaintiff withdraws its previous objections, but represents that it is not currently aware of every customer who left because of Chang's misconduct, (doc. 167), but agrees to produce the documents relating to all the customers of which it is aware. Plaintiff is reminded that supplementation is an ongoing obligation and as it becomes aware of additional information responsive to this request, it shall provide this information to Defendant.

Request No. 5: Every document or thing that you intend to introduce into evidence during the trial of this matter.

Objection sustained.  This request is premature.  Plaintiff is not required to identify its trial exhibits at this time, a schedule for this will be set later.

Request No. 7: Every complaint, both legal and administrative filed by you against each and every former customer of Infinite Energy.

Objection sustained.  As it is presently framed, the request encompasses every legal action against a former customer on any legal bases since Plaintiff has been doing business, which could not possibly support Defendant's claimed need for this information, i.e. to show that Plaintiff's market losses were attributable to reasons not related to him.

Request No. 8: Every complaint, both legal and administrative against you by any former customer of Infinite Energy.

Objection sustained.  See above.

Request No. 9: Every document provided by Infinite to the Georgia Public Service Commission since June 30, 2006.

**No. 1:07cv23-SPM/AK**

Objection sustained.  If Defendant seeks filings that "may demonstrate how Infinite's business practices may have led to investigations and/or fines by the Commission," "to provide an alternate reason for Infinite's market loss," then the request should have been tailored to request this more specific type of information.

Request No. 10: Every document that refers to Chang in any respect, by name or otherwise, from June 1, 2006, until the filing of the first amended complaint in this action filed by Infinite Energy on February 9, 2007.

Objection sustained.  Again, this request is overly broad and should be more narrowly tailored to elicit relevant information concerning the claims in this lawsuit.  As framed, the request would encompass, for example, every email ever written to him or copied to him about work related matters that would have no relevance to his employment termination or anything related to the claims against him.

Request Nos. 13 - 17: Information, including emails, concerning Plaintiff's market plans in Asia and Northeast.

MOOT.  From the supplemental response it appears that Plaintiff will provide documents related to its Asian market and Northeast market plans, including the emails requested between Dave Benfield and others.

Request No. 18: Infinite's employees' turn-around report between 2005 and 2006.

MOOT.  Plaintiff has withdrawn its previous objection to the vagueness of the term "turn around report," based on Defendant's explanation that it seeks information

**No. 1:07cv23-SPM/AK**

about retention of employees, but responds that it does not have the information requested.

Request No. 19: All documents relating to any security systems, security consultations, security analysis, security discussion, security proposals the Atlanta Offices of Infinite.

Objection sustained.  Plaintiff agrees to produce documents regarding that portion of the request that it understands, but contends that "security proposals the Atlanta Offices of Infinite" is vague.  The Court agrees.  Either the request contains typographical errors or some part of it was left out.

Request No. 22: All documents related to Chang's laptop computer.

MOOT.  Plaintiff withdraws its previous objections and agrees to produce documents responsive to this request that are not privileged.

Request No. 23: All versions of Infinite's employees' handbooks.

Objection based on the request being overly broad is sustained.  Plaintiff agrees to produce relevant handbooks, but does not specify what those are.  The only relevant handbooks, in the Court's view, would be those versions which were given to or available to the Defendant during his employment.

Request No. 24: All documents showing receipt of Infinite's employee handbook by any employee of Infinite.

Objection sustained.  Again, Plaintiff "stands on its objections," yet has agreed to produce responsive documents.  The Court has no means of ascertaining what then has been produced or what aspect of the objections are still at issue.  As stated, the

**No. 1:07cv23-SPM/AK**

request is overly broad and encompasses documents not relevant to this lawsuit. The only handbook and receipt thereof relevant to the lawsuit is the one given to or available to the Defendant.

Request No. 25: All employment contracts for all employees of Infinite.

Objection sustained. Overly broad and irrelevant.

Request No. 26: All complaint reports from Infinite customers filed with Georgia Public Service Commission.

Objection sustained. If Defendant seeks copies of complaints made to GPSC, then it should consider seeking this information from the Commission itself. Infinite states that it does not have these documents.

Request No. 27: All document [sic] showing Infinite's profits derived from Chang and employees supervised by Chang for 2001, 2002, 2003, 2004, 2005, 2006, 2007.

Objection sustained. Defendant has failed to explain what "profits" he is referring to and without some specificity it is impossible or at least "unmanageable" for the Plaintiff to attempt to respond to this request. It would help Plaintiff (and the Court) if Defendant were to provide examples of the information he is seeking or to place such a broad term as "profits" in a context that would allow for a meaningful response. Is Defendant referring to general profits that would be reflected on a financial statement or balance sheet? Is he seeking records of his commission sales or a document that tracks profits earned on particular contracts that he and his sales group generated? It is not Plaintiff's obligation, nor the Court's, to guess at what information Defendant is trying to obtain or what documents might fit this all encompassing request.

**No. 1:07cv23-SPM/AK**

Accordingly, it is

**ORDERED:**

Defendant's Motion to Compel (doc. 158) is **DENIED.** Insofar as Plaintiff has agreed to produce documents responsive to the requests at issue any such documents shall be so produced on or before the close of discovery which is **June 14, 2008.**

**DONE AND ORDERED** this 10th day of June, 2008.

S/ A Kornblum
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

**No. 1:07cv23-SPM/AK**