**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

INFINITE ENERGY, INC.,
a Florida corporation,

      Plaintiff,

vs.                                      CASE NO.: 1:07-CV-023-SPM

THAI HENG "HANK" CHANG,

      Defendant.
_____/

## ORDER TRANSFERRING CASE

THIS CAUSE comes before the Court upon "Plaintiff Emergency Motion to Transfer Action to the Northern District of Georgia" (doc. 221) and Defendant's response in support.  A transfer pursuant to 28 U.S.C. § 1404(a) is permitted in the interests of justice for the convenience of the parties and witnesses.  Under this provision, any civil action may be transferred from an otherwise proper venue "to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The transfer provision is designed to prevent waste of resources and to protect litigants, witnesses, and the public from unnecessary inconvenience or expense.  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).

In making a determination to transfer, a court should apply a lesser showing of inconvenience than that required for dismissal under the doctrine of forum non

conveniens while considering the same general factors.  Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955).  These factors include (1) the convenience of the parties; (2) the convenience of the witnesses; (3) ease of access to proof; (4) availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining the presence of witnesses; and (6) the public interest.  Windmere Corp. v. Remington Products, Inc., 617 F.Supp. 8, 10 (S.D. Fla. 1985).

Now however, Plaintiff has filed a motion to stay this action (including the motion to transfer the case) pending a determination of how the case in Georgia will be affected by a bankruptcy filing of one of the parties. (doc. 227)  Defendant opposes the motion to stay.  (doc. 227-3)  Defendant still prefers for this case to be transferred to Georgia, regardless of the effect of the bankruptcy filing.  This Court agrees.

All of the factors listed above still weigh in favor of this case being tried in the state of Georgia, independent of any proceeding in a similar case in that district.  In fact, once this case is transferred to Georgia, there is no guarantee that it will be consolidated with the similar existing case there.  However, having the case reside in the same district as a similar proceeding, with the possibility that this case may be assigned to the same judge who is presiding over the pending Georgia case is indeed in the interests of judicial efficiency.  Furthermore, both parties have stated that all of the relevant witnesses and documents are in the state of Georgia.  Therefore, the convenience of Georgia and the lower relative cost of conducting the proceedings in Geogia outweighs any hesitation to transfer because the proceedings in a similar case in Georgia have been stayed pending bankruptcy.

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. Plaintiff's emergency motion to transfer (doc. 221) is **granted**.

2. The Clerk shall transfer this entire case to the United States District Court for the Northern District of Georgia.

3. Plaintiff's Emergency Motion to Stay (doc. 227) is **denied**.

DONE AND ORDERED this <u>seventh</u> day of October, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge